UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Roger and Lisa O'Sullivan,
    Plaintiffs

    v.                                  Case No. 15-cv-114-SM
                                        Opinion No. 2015 DNH 175
Deutsche Bank National Trust
Company, as Trustee for GSSA
Home Equity Trust 2006-18,
    Defendant

**O R D E R**

Deutsche Bank National Trust Company, as trustee of the GSSA Home Equity Trust 2006-18, holds a mortgage on plaintiffs' home. Plaintiffs challenge its right to foreclose that mortgage under New Hampshire law. The court has subject matter jurisdiction over plaintiffs' claim pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

Deutsche Bank moves to dismiss the sole claim in plaintiffs' complaint, asserting that plaintiffs lack standing to challenge the validity of the assignment by which Deutsche Bank assumed the mortgage at issue. For the reasons discussed, that motion to dismiss is granted.

**Background**

The relevant facts are largely undisputed. In May of 2006, plaintiffs obtained a $263,700 loan from Wells Fargo. To secure

repayment of that loan, plaintiffs gave Wells Fargo a mortgage deed to their home.  The terms of the mortgage included a statutory power of sale, allowing Wells Fargo to foreclose upon the property under certain specified circumstances (including default on the underlying promissory note).  In January of 2014, Wells Fargo assigned the mortgage to Deutsche Bank, as trustee for a Real Estate Mortgage Investment Conduit Trust.  That trust is governed by a Pooling and Service Agreement.[1]

At some point (the complaint does not specify exactly when), plaintiffs began having difficulty making monthly payments on the loan.  They sought, but were unable to obtain, a loan modification from Wells Fargo.  With the loan in default, Deutsche Bank sought to foreclose the mortgage and it scheduled a foreclosure auction for March 31, 2015.  A few days before that auction, however, plaintiffs obtained an ex parte temporary restraining order from the state court, based upon their assertion that Deutsche Bank lacked authority to foreclose on the

---

[1] In order to pool and securitize loans, investors often establish what is known as a Real Estate Mortgage Investment Conduit or "REMIC" - a unique form of trust that receives favorable tax treatment.  In turn, such a trust is often governed by what is known as a pooling and servicing agreement or a "PSA." Here, plaintiffs allege that the operative PSA had a closing date in 2006, by which the trust was required to stop receiving assets (and at which point the trust would simply become a "static pool of assets.").  See generally Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 272 (1st Cir. 2013).

mortgage.  Deutsche Bank removed the proceeding to this court, invoking the court's diversity subject matter jurisdiction.

## Discussion

Plaintiffs' argument is a familiar one: they claim that Deutsche Bank is not the lawful holder of their mortgage because it took an assignment of that mortgage after the closing date specified in the applicable pooling and servicing agreement.

> As explicitly explained in the attached February 20, 2015 letter, the party foreclosing (i.e., Deutsche Bank, et al.) can not be a valid mortgagee with rights to foreclose since they are a Real Estate Mortgage Investment Conduit ("REMIC") trust with a closing date in 2006.  Wells Fargo alleged to assign our mortgage to Deutsche Bank in 2014, but Deutsche Bank has never substantiated that it is the legal mortgagee.

Complaint (document no. 1-1) at 2.  Even crediting all of plaintiffs' factual allegations as true, it remains plain that they lack standing to challenge the allegedly untimely assignment of their mortgage from Wells Fargo to Deutsche Bank.

Assuming that Wells Fargo assigned plaintiffs' mortgage to Deutsche Bank after the closing date of the relevant trust (and contrary to the terms of the governing PSA), that flaw merely renders the assignment voidable (at the option of the trust's beneficiaries).  It does not render the assignment void.  As the New Hampshire Supreme Court recently recognized,

> This is because . . . unauthorized acts by trustees are generally subject to ratification by the trust beneficiaries.  The principle that a trustee's unauthorized acts may be ratified by the beneficiaries is harmonious with the overall principle that only trust beneficiaries have standing to claim a breach of the trust.  If a stranger to the trust also had such standing, the stranger would have the power to interfere with the beneficiaries' right of ratification.

Pike v. Deutsche Bank Nat'l Trust Co., __ N.H. __, 2015 WL 4266759 at *2 (July 15, 2015).

So, the assignment of a mortgage to a trust that fails to comply with the procedural requirements of a PSA or other trust agreement is a voidable, not a void, transaction.  And, as this court has repeatedly held, a mortgagor lacks standing to challenge a voidable (as opposed to a void) transfer of his or her mortgage.  See, e.g., Bradley v. Wells Fargo Bank, N.A., 2014 WL 815333, at *3 (D.N.H. Mar. 3, 2014); Calef v. Citibank, N.A., 2013 WL 653951, at *4 n.4 (D.N.H. Feb. 21, 2013).  See also Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354 (1st Cir. 2013) ("Thus, claims that merely assert procedural infirmities in the assignment of a mortgage, such as a failure to abide by the terms of a governing trust agreement, are barred for lack of standing.") (citations omitted).  Cf.  Pike, supra (construing New York law and concluding that "an action that violates the terms of a trust agreement, such as a transfer of a loan to a

4

trust after the trust's closing date, renders the transaction voidable at the election of either party to the agreement and a non-party to the PSA, such as the petitioner in this case, does not have standing to challenge such a transaction.").

## Conclusion

For the foregoing reasons, as well as those set forth in defendant's legal memorandum, it is plain that plaintiffs lack standing to challenge the allegedly untimely assignment of their mortgage from Wells Fargo to defendant. Defendant's motion to dismiss (document no. 4) is, therefore, granted.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

September 14, 2015

cc: Roger A. O'Sullivan, pro se
    Lisa M. O'Sullivan, pro se
    Michael R. Stanley, Esq.